UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **SHEDRICK J. BRUMFIELD**<br>    **LA. DOC #395469**<br>**VS.** | **CIVIL ACTION NO. 5:15-cv-1973**<br><br>**SECTION P**<br><br>**JUDGE ELIZABETH E. FOOTE** |
| **JERRY GOODWIN, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se plaintiff, Shedrick J. Brumfield, a prisoner in the custody of Louisiana's Department of Corrections (DOC), is incarcerated at the David Wade Corrections Center (DWCC) and complains about the conditions of confinement in the prison's extended Lock Down wing where he has been confined for some time. He sued Warden Jerry Goodwin, Assistant Warden Angie Huff, Col. Lonnie Nail, and DOC Secretary James LeBlanc praying for compensatory and punitive damages and declaratory and injunctive relief, including a temporary restraining order and a preliminary injunction. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED** pursuant to the provisions of F.R.C.P. Rule 41(b).

*Statement of the Case*

Plaintiff filed his original complaint on June 26, 2015. Plaintiff, an inmate in the custody of the DOC, was, and continues to be confined in the Extended Lock Down wing at DWCC. According to plaintiff, the conditions in the Extended Lock Down wing at DWCC pose a risk of harm to him because the extreme heat during the summer months tends to exacerbate his high

blood pressure thus putting him at greater risk of suffering a stroke. [See Doc. 1]

Plaintiff was initially allowed to proceed *in forma pauperis* [Doc. 5] based upon his application and his negative response to the question, "Have you on any prior occasion, while incarcerated or detained in any prison, jail, or other facility, brought an action in federal court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted?" [Doc. 2, ¶7] On September 23, 2015, the undersigned completed an initial review and noted that contrary to his prior assertion, plaintiff, while a prisoner, has in fact accumulated more than three strikes, i.e. dismissals of civil actions as frivolous or for failing to state a claim for which relief may be granted.[1] Accordingly, the undersigned revoked

---

[1] The undersigned observed, "As noted above, plaintiff has been allowed to proceed herein *in forma pauperis* [Doc. 5] based upon his application and his negative response to the question, "Have you on any prior occasion, while incarcerated or detained in any prison, jail, or other facility, brought an action in federal court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted?" [Doc. 2, ¶7]

Title 28 U.S.C. §1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is aware of this provision. It was invoked to deny him *in forma pauperis* status in the civil action filed in the United States District Court for the Middle District of Louisiana in the matter entitled *Shedrick J. Brumfield v. Sgt. Eric Fergerson, et al.*, Civil Action No. 3:11-cv-0056 at Doc. 6. Therein United States Magistrate Judge Steven C. Riedlinger noted three prior prisoner suits which were dismissed for failing to state a claim for which relief may be granted, namely, *Shedrick Brumfield v. Sgt. Demourelle, et al.*, Civil Action No. 3:02-cv-0283 (dismissed for failing to state a claim on May 21, 2002); *Shedrick J. Brumfield v. Lisa Moody, et al.*, Civil Action No. 3:07-cv-0161 (dismissed for failing to state a claim on November 16, 2007); and *Shedrick J. Brumfield v. N. Burl Cain, et al.*, Civil Action No. 3:08-cv-0148 (dismissed for failing to state a claim on September 30, 2008).

plaintiff's *ifp* status and directed him to pay the full filing fee within fourteen (14) days or suffer dismissal of his complaint. [Doc. 9]

On October 13, 2015, plaintiff claimed that he was sexually assaulted by a corrections officer and otherwise harassed in retaliation for having filed the instant suit; he moved for an extension of time to comply with the memorandum order by either filing a proper objection or sending the full filing fee. [Doc. 11] On October 23, 2015, his motion was granted and he was given until November 23, 2015, to either pay the filing fee or demonstrate that he is otherwise entitled to proceed *in forma pauperis*. [Doc. 12]

On November 16, 2015, he filed an "Objection" along with exhibits. Among other things plaintiff alleged "that he is not being treated nor checked daily of his blood pressure..." However admitted that in July 2014, "when I declared my self emergency request they the (sic) nurse seen my blood presur (sic) were beyond death stroke level" resulting in a "week of daily preasur (sic) watch." He also admitted that in August 2014 "they came back after I plaintiff declared another medical request a second time..." Nevertheless, he claimed that "at the filing of his suit he is and were in immient (sic) danger of his health and saftey (sic)..." and "can only state the facts and submitt (sic) medical statments (sic) showing were (sic) the heat had me in danger of my life..." He also claimed that a trial was necessary in order so that an "expert can prove or disprove whether I was in danger of my life or health..." He concluded by noting that his *ifp* status should

---

Having accumulated these three "strikes" plaintiff is not eligible to proceed *in forma pauperis* herein unless he can demonstrate that he "... is under imminent danger of serious physical injury." Plaintiff implies that by virtue of his medical condition (high blood pressure) and the temperatures experienced in his place of confinement, that he is in danger of a second stroke. However, by his own admission, his blood pressure is monitored on a regular basis and he is provided daily medication to reduce his blood pressure and alleviate the risk of a stroke.

be reinstated "because at the time of filing as stated above and through out this objection he were (sic) and is in danger of his health and safety as long as he live under these extrem (sic) heat conditions..." He claimed that he was indeed subject to risk of death or serious injury because of his confinement to Extended Lock Down "during the summer months." [Doc. 13]

Plaintiff also submitted exhibits as follows:

(1) Exhibit A – Health Care Request Form dated 7/7/14 requesting an opportunity to be examined by a physician because he awoke on July 4, 2014, experiencing a nose bleed, numbness in his right arm and leg, insomnia due to the heat and dizziness.

(2) Exhibit B – Health Care Request Form dated 7/26/14 complaining of "white spots in front of my eyes," headache, and dizziness due to the heat.

(3) Exhibit C – Health Care Request Form dated 6/22/14 complaining of pain in his left side and blood in his urine.

(4) Exhibit D – Health Care Request Form dated 9/5/14 complaining of dizziness and numbness due to the heat.

(5) Exhibit E – Health Care Request Form dated 9/14/14 complaining of pain in his thigh.

(6) Exhibit F – Health Care Request Form dated 7/20/15 complaining of head ache, dizziness, white spots before his eyes, difficulty arising because of the heat.

(7) Exhibit G – Health Care Request Form dated 7/28/15 requesting examination by physician for dizziness, nausea, chest pain, and, rapid heart beat all caused by the heat.

(8) Exhibit H– Health Care Request Form dated 8/4/15 complaining of dizziness due to the heat.

In each instance the $6 emergency request fee was charged and presumably at each

instance plaintiff was treated by a health care professional.

Plaintiff also provided the First and Second Step responses to his grievance assigned Case Number 2014-0736. Exhibit 2 – the First Step Response – is dated August 15, 2014, and responds to plaintiff's grievance dated July 3, 2014. According to the response, plaintiff complained of "health hazards due to extreme heat in the cellblock housing units" and concluded,

> Col. Nail states that industrial-sized fans, approximately 3' in diameter, are positioned on the tiers in the cellblock housing units to assist air circulation in support of the exhaust fans located in the roof, which circulate air from the windows through the vents above each bunk. Offenders on DD/Ext. LD are not allowed to have cups or containers in their cell, per policy, due to the potential for the throwing of substances, such as urine, feces, etc., or the storage of beverages in an unsanitary/unsafe condition. However, offenders have unlimited access to fresh water in the sinks of their cells. Cups of iced beverage are distributed at each meal as well. Col. Nail asserts that documentation on the date cited in this complaint indicate that temperatures in your housing unit have been moderate and not remotely as high as you claim. Col. Nail further states your medical conditions are treated by the Medical Dept. And there is no indication that your health has been adversely affected by being housed in a cellblock housing unit. You have not provided any tangible evidence to substantiate your claims, nor have you presented any verifiable information to discredit or dispute the statement of this officer. ... Your grievance is deemed to be without merit. [Doc. 13-1, Exhibit 2, p. 10]

The Second Step or Headquarters Response, dated September 18, 2014, responded to plaintiff's appeal and concluded,

> Your statement has been considered as well as your medical records. You made a sick call request on 7/07/14 with complaints of blood running down your nose and your right arm and leg numb. You also note you could not sleep because of the heat and you were dizzy and your heart was beating fast. Blood pressure checks were ordered and your charge was referred to the doctor where no new orders were given. On 7/08/14 you were seen by the doctor for blood pressure concerns. The medication Lisinopril was added to your medication list; Mosic and Claritin were discontinued; and it was noted to continue the blood pressure checks as previously ordered. On 7/26/2014 you made an emergency sick call request with

complaints that you were seeing white spots in front of your eyes, your head hurts, you were dizzy and the heat is making it worse. You were assessed and no new orders were given. You have a treatment plan in place that is responsive to your needs. Medical opinion is controlling. Per DWCC staff, industrial sized fans (3 feet in diameter) are used on the tiers; offenders have unlimited access to fresh water from the sinks in their cells; at each meal, cups of iced beverages are distributed; and the date you cite in your complaint, was a day that the temperature in your housing unit was moderate. There is nothing else that can be added to make this issue any clearer ... Your request for relief is denied. [Doc. 13-1, Exhibit 1, p. 9]

### *Law and Analysis*

Plaintiff is a "three-striker" having accumulated more than 3 dismissals of prison conditions suits as frivolous or for failing to state a claim. He has provided only self-serving and conclusory allegations to support his claim that he is in "...imminent danger of serious physical injury..." and thus exempt from the order rescinding his *ifp* status. The evidence thus far submitted indicates that plaintiff's medical needs are being met with proper observation and medication. Indeed, as noted above, plaintiff's chief complaint is the effect that the heat has on his pre-existing blood pressure condition. Nevertheless, plaintiff filed his complaint on June 26, 2015. To date he has not shown that he has suffered a serious physical injury as a result of his exposure to the complained of conditions of confinement in the Extended Lock Down cell block at DWCC. Further, with the onset of autumn, the complained of conditions have surely ameliorated.

Plaintiff was afforded the opportunity to pay the full filing fee; he has not done so. Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash*

*R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** for failure to prosecute in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, November 25, 2015.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**